Opinion by OLIVER, P. J.  In accordance with stipulation of counsel that the articles in question are in imitation of precious or semiprecious stones composed wholly or in chief value of glass, similar in all material respects to the merchandise covered by Abstract 47109, and in view of the further stipulation that they are not composed in any part of synthetic resin or ivory, that they do not imitate pearls, and are not imitation pearl beads, the merchandise was held dutiable at 25 percent under paragraph 1503 by virtue of T. D. 49458, as claimed.

**No. 47818.**—Protests 998684–G, etc., of Frankel Importing Co.   (New York).

Opinion by OLIVER, P. J.  In accordance with stipulation of counsel that the articles in question are in imitation of precious or semiprecious stones composed wholly or in chief value of glass, similar in all material respects to the merchandise covered by Abstract 47109, and in view of the further stipulation that they are not composed in any part of synthetic resin or ivory, that they do not imitate pearls, and are not imitation pearl beads, the merchandise was held dutiable at 25 percent under paragraph 1503 by virtue of T. D. 49458, as claimed.

**No. 47819.**—Protests 8669–K, etc., of Anco Import Corp.   (New York).

Opinion by OLIVER, P. J.  In accordance with stipulation of counsel that the articles in question are in imitation of precious or semiprecious stones composed wholly or in chief value of glass, similar in all material respects to the merchandise covered by Abstract 47109, and in view of the further stipulation that they are not composed in any part of synthetic resin or ivory, that they do not imitate pearls, and are not imitation pearl beads, the merchandise was held dutiable at 25 percent under paragraph 1503 by virtue of T. D. 49458, as claimed.

**No. 47820.**—Protests 995161–G, etc., of Hollander Bead & Novelty Corp. (New York).

Opinion by OLIVER, P. J.  In accordance with stipulation of counsel that the articles in question are in imitation of precious or semiprecious stones composed wholly or in chief value of glass, similar in all material respects to the merchandise covered by Abstract 47109, and in view of the further stipulation that they are not composed in any part of synthetic resin or ivory, that they do not imitate pearls, and are not imitation pearl beads, the merchandise was held dutiable at 25 percent under paragraph 1503 by virtue of T. D. 49458, as claimed.

**No. 47821.**—Protests 978300–G, etc., of Hollander Bead & Novelty Corp. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the articles in question are in imitation of precious or semiprecious stones composed wholly or in chief value of glass, similar in-all material respects to the merchandise covered by Abstract 47109, and in view of the further stipulation that they are not composed in any part of synthetic resin or ivory, that they do not imitate pearls, and are not imitation pearl beads, the merchandise in question was held dutiable at 45 percent under paragraph 1503, as claimed.

**No. 47822.**—Protests 939073–G, etc., of Wm. Shaland (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel fur dogs similar to those the subject of Abstract 41823 were held dutiable at 50 percent under paragraph 1519 (e), and whistling balloons, rubber balloons, and noise-makers, composed in part of bamboo, similar to those the subject of Abstract 40493, were held dutiable at 45 percent under paragraph 409 as claimed. It was further stipulated that the jump sticks or trick paddles in question are in chief value of wood, similar to those the subject of Abstract 44028, and the claim at 33⅓ percent under paragraph 412 was therefore sustained.

**No. 47823.**—Protest 887124–G of Levin Bros. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel and on the authority of Abstract 40493 the claim at 45 percent under paragraph 409 was sustained.

**No. 47824.**—Protest 88837–K of Dan Brechner & Co. (New York).

Opinion by OLIVER, P. J. It was stipulated that the clay ducks in question are similar to those involved in Abstract 47474. In accordance therewith the claim at 45 percent under paragraph 397 was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 18, 1942

**No. 47825.**—Protests 698824–G, etc., of Frank Allaire Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that certain of the merchandise in question, consisting of 8-bu. paper hats, known as harvest hats, valued at less than $3 per dozen, is similar to that involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664), the claim at only 25 percent under paragraph 1504 (b) (5) was sustained.

**No. 47826.**—Protests 666348–G, etc., of Henry Pollak, Inc. (New York).